**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **DETENTION ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gokhan Ozturk, | ) | Case No. 4:09-mj-007 |
| | ) | |
| Defendant. | ) | |

___

On January 28, 2009, the court convened a combined preliminary and detention hearing. AUSA David Hagler appeared on the Government's behalf. Assistant Federal Public Defender Orell Schmitz appeared on Defendant's behalf. Samual Sechirst, Special Agent with the United States Justice Department of Justice, Bureau of Tobacco Firearms and Explosives, provided testimony as did Pretrial Services Officer Terry Gunville.

At the outset of the proceedings, Defendant advised the court that he was waiving his right to a preliminary hearing but contesting the Government's motion for detention. The court finds that Defendant, having had an opportunity to consult with counsel, freely and voluntarily, and knowingly and intelligently waived his right to a preliminary hearing. Further, based upon Defendant's waiver, the court finds that there is probable cause to believe that he may have committed the offenses charged in the complaint. Accordingly, the court **ORDERS** that Defendant be bound over to the United States District Court to answer to the charges set forth in the complaint. The court will next address the issue of detention.

The charges set forth in the complaint give rise to the presumptions under 18 U.S.C. § 3142(c) that no condition, or combination of conditions, will reasonably assure the appearance of Defendant as required or the safety of the community.  These presumptions shift the burden of production with respect to detention, but not the burden of persuasion, which remains upon the Government and which must be met by clear and convincing evidence in the case of detention for the purpose of protection of the safety of the community and by a preponderance of the evidence for the purpose of securing the Defendant's appearance for future proceedings.  United States v. Kisling, 334 F.3d 734 (8th Cir. 2003); United States v. Orta, 760 F.2d 887, 891 n. 17 (8th Cir. 1985) (en banc).  If sufficient evidence is offered to counter the initial presumptions, the presumptions do no disappear and remain as factors the court can consider in determining whether the government has met its burden of persuasion.  See e.g., United States v. Thurmond, 2005 WL 1868185 *2 (Aug. 8, 2005, N.D. Iowa) (citing United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985), and United States v. Garcia, 801 F. Supp. 258, 261-62 (S.D. Iowa),  for the proposition that a magistrate judge should still keep in mind the fact that Congress has found that certain offenders, as general rule, pose special risks of flight)).

The court finds that Defendant has not offered sufficient evidence to counter the presumption of detention.  Moreover, for the reasons articulated at the close of the hearing, the court finds that the Government has met its burden of demonstrating by clear and convincing evidence, first, that Defendant is not a candidate for release on his  personal recognizance, unsecured bond, or cash bond and, second, that no condition or combination of conditions will reasonably assure the safety of other persons and the community or his appearance for future court proceedings.  Included as part of the reasons expressed on the record were the nature of the charges, Defendant's lack of ties to the

community, the fact the Defendant is a Canadian citizen, the perceived strength of the Government's case against Defendant, and the strong incentive for Defendant not to return to this country once released.

Accordingly, the court **GRANTS** the Government's motion for detention and **FURTHER ORDERS** that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 28th day of January, 2009.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge
